(No. 4241—)

O. R. WILLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

ROBERT H. ALLISON AND HERBERT N. TRAGETHON, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, O. R. Willey, was employed on February 14, 1949, in the Division of Highways, Department of Public Works and Buildings. On that day, while using an electric drill to cut holes in a metal truck bed preliminary to the construction of a shield over the truck cab, the bit stuck. This caused the drill to twist in claimant's hand before the power could be shut off. The index finger of claimant's left hand was injured.

The claimant received no medical attention until March 8, 1949, at which time he was treated by Dr. Charles W. Harrison of the Olney Sanitarium Clinic. Dr. Harrison's final report of April 29, 1949 indicated a frac-

ture and slight stiffness of index finger. Dr. F. E. Fleischli in his report of May 8, 1950 stated claimant had a flexor tendon injury, which is permanent. An examination by Frank M. Summers, a Commissioner of this Court, showed that claimant sustained a 10 per cent loss of use of the index finger of his left hand as a result of the injury.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

The record consists of the complaint, departmental report, waiver of briefs of respondent and claimant, and transcript of the testimony.

The claimant at the time of the injury had no children under the age of sixteen years. Claimant received earnings from respondent in the amount of $2,820.00 in the year preceding his injury. Mr. Willey did not lose any time, and was paid full salary throughout his period of disability.

For a 10 per cent loss of use of the index finger of his left hand, under Section 8, Paragraph (e) 2, the claimant should receive from the respondent, the compensation rate, $19.50 per week for 4 weeks.

An award is, therefore, made to claimant, O. R. Willey, in the sum of $78.00, all of which has accrued and is payable forthwith.

Johnson Fleming was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $13.75 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Johnson Fleming in the amount of $13.75, payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."